[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-11205
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 29, 2010
JOHN LEY
CLERK

D.C. Docket No. 1:08-cr-00045-SPM-AK-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARK SETH WINNICK,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(November 29, 2010)

Before DUBINA, Chief Judge, BLACK and WILSON, Circuit Judges.

PER CURIAM:

Appellant Mark Seth Winnick appeals his 168-month total sentence after

pleading guilty to one count of receiving child pornography, in violation of 18

U.S.C. § 2252A(a)(2)(A), (b)(1), and one count of possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B), (b)(2).

On appeal, Winnick argues that his 168-month total sentence was procedurally and substantively unreasonable. Procedurally, he contends that the district court's cursory discussion of the factors in 18 U.S.C. § 3553(a) is evidence that it placed undue emphasis on the guideline range. Substantively, he argues that his total sentence was unreasonably harsh as applied to a first-time offender who is amenable to treatment.

We review the reasonableness of a district court's sentence under a deferential abuse of discretion standard. *Gall v. United States*, 552 U.S. 38, 41, 128 S. Ct. 586, 591, 169 L. Ed. 2d 445 (2007). In reviewing the reasonableness of a sentence, we conduct a two-step review. *Id.* at 51, 128 S. Ct. at 597. First we ensure that the sentence was procedurally reasonable, meaning the district court properly calculated the guideline range, treated the guidelines as advisory, considered the § 3553(a) factors, did not select a sentence based on clearly erroneous facts, and adequately explained the chosen sentence. *Id.* At the time of sentencing, the court shall state its reasons for imposing the particular sentence. 18 U.S.C. § 3553(c). However, the court is not required to provide a lengthy explanation of the sentence. A brief explanation may be legally sufficient when

2

the context of the record indicates the reasoning behind the court's conclusion. *United States. v. Irey*, 612 F.3d 1160, 1194-95 (11th Cir. 2010) (*en banc*) (citing *Rita v. United States*, 551 U.S. 338, 358, 127 S. Ct. 2456, 2469, 168 L. Ed. 2d 203 (2007)).

Once we determine that a sentence is procedurally sound, we must examine whether the sentence was substantively reasonable in light of the record and the § 3553(a) factors. *Gall*, 552 U.S. at 51, 56, 128 S. Ct. at 597, 600. The district court is required to impose a sentence that is "sufficient, but not greater than necessary to comply with the purposes" listed in 18 U.S.C. § 3553(a)(2), including the need to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, deter criminal conduct, protect the public from the defendant's future criminal conduct, and provide the defendant with needed educational or vocational training or medical care. *See* 18 U.S.C. § 3553(a)(2). In imposing a particular sentence, the court must also consider the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available, the applicable guideline range, the pertinent policy statements of the Sentencing Commission, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to victims. *Id.* § 3553(a)(1), (3)-(7).

The party challenging the sentence has the burden of establishing that the sentence was unreasonable. *United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005). "[W]hen the district court imposes a sentence within the advisory Guidelines range, we ordinarily will expect that choice to be a reasonable one." *Id.* A sentence well below the statutory maximum may infer the reasonableness of the sentence. *See United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008), *cert. denied*, 129 S. Ct. 2848 (2009).

Here, we conclude from the record that the resulting 168-month total sentence was procedurally and substantively reasonable. The district court correctly calculated the guideline range and stated that it was advisory. Though the court only cursorily discussed the reasoning behind its decision, the record indicates that it properly considered the parties' arguments. *See Irey*, 612 F.3d at 1194-95. In fact, the court continued the initial sentencing hearing so that it would have sufficient time to read the research studies concerning the child-pornography guidelines that Winnick introduced into evidence. Substantively, Winnick's total sentence represented the lowest end of the applicable guideline range of 168-210 months, and we would ordinarily expect such a sentence to be reasonable. *See Talley*, 431 F.3d at 788. The total sentence was also well below the combined 30-year statutory maximum penalty for Winnick's convictions.

*See Gonzalez*, 550 F.3d at 1324 (concluding that a sentence was reasonable in part because it was well below the statutory maximum). Moreover, Winnick did not present mitigating § 3553(a) factors that necessitated a guideline variance. Accordingly, we affirm Winnick's sentence.

**AFFIRMED.**